UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PROMOLD & TOOL, LLC, *et al.*                                    PLAINTIFFS

v.                                         CIVIL ACTION NO. 3:11-CV-00660

POLYLOK, INC., *et al.*                                         DEFENDANTS

**OPINION AND ORDER**

This matter is before the court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) (DN 8). For the reasons herein, this court will transfer this action to the United States District Court for the District of Connecticut.

The dispute in this case involves the manufacture and sale of effluent septic filters. On November 3, 2011, the defendants in this action, Polylok, Inc. and Peter Gavin and Michael Delgass, as Trustees of the Peter Gavin Spray Trust ("the Trust"), (collectively, "Defendants") filed a complaint in the United States District Court for the District of Connecticut ("Connecticut complaint") against the plaintiffs in this action, Bear Onsite, LLC, Promold & Tool, LLC, and Michael Jay Hornback (collectively, "Plaintiffs"). In the Connecticut complaint, Defendants alleged that Polylok had entered into an Asset Purchase Agreement ("APA") to purchase the assets of Bluegrass Environmental Septic Technology, LLC's ("BEST") effluent septic filter business. The APA included a non-compete provision for members of BEST, of which Hornback was one. The defendants also claimed that Hornback was the president and a member of a company named Promold, which had entered into a consulting agreement with Polylok concerning the purchase of the effluent septic filter business from BEST. However, Defendants

claimed, Promold manufactured effluent septic filters for a company named Bear Onsite, which in turn sold the filters throughout the United States. Defendants further claimed that Bear Onsite's manufacture or sale of a particular effluent filter violated a patent issued by the United States Patent and Trademark Office and owned by the Trust. Defendants brought the following claims in the Connecticut complaint: patent infringement against Bear Onsite; breach of contract for violating the non-compete provision of the APA against Hornback; and violation of the Connecticut Unfair Trade Practices Act, unjust enrichment, and common law unfair competition against Hornback and Promold.

Twenty-six days after Defendants filed the Connecticut complaint, Plaintiffs filed a petition for declaration of rights in this court. Plaintiffs seek declaratory judgments that: 1) the patent Polylok accused Bear Onsite of infringing was invalid, unenforceable or not infringed, and 2) Hornback had not violated the APA's covenant not to compete.

Defendants have moved to dismiss the declaratory judgment action filed by Plaintiffs, arguing that the first-filed Connecticut action should be allowed to proceed to judgment without a duplicate proceeding in this court. Alternatively, the defendants request that this court transfer the action to the District of Connecticut or stay the action pending the outcome of the Connecticut case. Plaintiffs state that they have filed a motion to dismiss or transfer in the Connecticut case and ask this court to either hold this action in abeyance pending the resolution of that motion or to deny the defendants' motion to dismiss.

Under the "first-to-file" rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke*

*Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)) (internal quotation marks and emphasis omitted). The rule is based in the "general principle" of avoiding "duplicative litigation" and "encourages comity among federal courts of equal rank." *Ables & Hall Builders v. U.S. Bank, N.A.*, 2008 WL 2168890, at *1 (W.D.Ky. May 23, 2008) (quoting *Colorado River Water Conervation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004)).

Here, the Connecticut action was the first action filed. Moreover, the parties in this case are identical to those in the Connecticut action. And, the issues in this case are nearly identical to those in the Connecticut action. In the Connecticut action, Defendants claim that Bear Onsite infringed the Trust's patent, while in this action, Plaintiffs seek a declaration that the Trust's patent is invalid or that Bear Onsite did not infringe the patent. Likewise, with respect to the non-compete provision of the APA, Defendants claim in the Connecticut suit that Hornback violated that provision while Plaintiffs ask this court for a declaration that Hornback did not violate it. Plaintiffs raise no other claims in this suit. In short, allowing this case to proceed would sanction duplicative litigation of certain claims raised in the first-filed Connecticut action.

Nor are there any equitable reasons for allowing this action to proceed instead of the previously-filed Connecticut action. To the contrary, the filing of a petition for a declaration of rights in this court when there is already pending a Connecticut action raising the same issues appears to amount to no more than procedural fencing by Plaintiffs to obtain a forum of their choosing. Indeed, courts often favor allowing coercive actions to proceed over declaratory actions, even when the declaratory action was filed first. *See, e.g.*, *AmSouth Bank v. Dale*, 386

F.3d 763, 788 (6th Cir. 2004); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-750 (7th Cir. 1987); *see also Zide Sport Shop*, 16 F. App'x at 437 ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing"). Here, of course, Defendants' coercive action was actually filed first; the point is simply that equity favors that coercive action rather than the later-filed declaratory judgment action. *See Ables & Hall*, 2008 WL 2168890, at *2 (allowing a second-filed declaratory action to proceed at the same time as a first-filed coercive action would defeat the purpose of declaratory actions and render them an instrument of procedural fencing (quoting *Tempco*, 819 F.2d at 750)).

Having found that the first-filed Connecticut action should be allowed to proceed, this court believes the most appropriate action is to transfer this case to the District of Connecticut. Doing so will allow Defendants, that is, the plaintiffs in the first-filed ceorcive Connecticut action, to have their choice of forum. *See NGS Am., Inc. v. Jefferson*, 218 F.3d 519 (6th Cir. 2000) (noting that a rule permitting the type of declaratory and injunctive action in that case "could frustrate a plaintiff's choice of forum"). And, while Plaintiffs contend that the District of Connecticut does not have personal jurisdiction over them and is not a convenient forum for the resolution of that action, they have apparently properly raised those issues in a currently-pending motion for dismissal or transfer of the Connecticut action. As Plaintiffs themselves recognize (*see* DN 13 at 2, ), the Connecticut District Court is the proper court to decide that motion. In short, because the Connecticut action and this action are in nearly all respects identical, and because comity and equitable considerations favor the Connecticut action proceeding, this court will transfer this action to the United States District Court for the District of Connecticut.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's motion to dismiss the proceedings (DN 8) is **GRANTED to the extent of transferring the proceedings**. The proceedings in this case are hereby **TRANSFERRED to the United States District Court for the District of Connecticut**.

May 29, 2012

Charles R. Simpson III, Judge
United States District Court

D03